IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PHILIP JAMES, #1965815 | * | |
| v. | * | CIVIL ACTION NO. CCB-14-3371 |
| WARDEN | * | |
| | ****** | |

MEMORANDUM

Philip James, detained at the Baltimore Central Booking and Intake Center ("BCBIC") since August 4, 2014, is awaiting the disposition of a violation of probation ("VOP") charge filed in the Circuit Court for Baltimore City. On October 28, 2014, the court received a letter from James, who acknowledges that he missed a July 15, 2014 court date, but claims that the failure to appear occurred due to his hospitalization. (ECF No. 1.) He seeks release from detention because he is in poor health.[1]

To the extent that James is attacking his detention based on a VOP warrant, his letter is construed as containing habeas corpus claims under 28 U.S.C. § 2241. A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-10 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary

---

[1] James states that he suffers from cardiovascular problems (congestive heart failure, atrial fibrillation, high blood pressure, and a leaky heart valve); gall bladders issues; a history of a broken back, mini-strokes or "TIAs," blood clots, and a heart attack; and anxiety and manic depression. He claims that he receives Social Security Disability benefits, and has a 100% disability. (ECF No. 1, Compl. at 3.)

circumstances include bad faith prosecution, prosecution under patently unconstitutional statutes, or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979). James has not exhausted his state court remedies. Further, assuming without deciding that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending criminal case. *See, e.g.*, *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). Accordingly, the court will not consider the merits of James's habeas petition.

Insofar as James challenges the adequacy of his medical treatment at BCBIC, the court will construe his cause of action as a 42 U.S.C. § 1983 civil rights action, and will dismiss that action without prejudice. Although district courts have a duty to construe self-represented pleadings liberally, James must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts "to conjure up questions never squarely presented"). James must comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1), which requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). In sum, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). James has not set out facially plausible claims naming specific parties who allegedly violated his constitutional right to necessary medical treatment.

In light of the foregoing, James's hybrid action will be dismissed without prejudice.[2] A separate Order follows.

Date:  October 30, 2014                          _____/S/_____
                                                 Catherine C. Blake
                                                 United States District Judge

---

[2] The filing was not accompanied by a filing fee or indigency application. James will not be required to cure this omission. The Clerk shall send him a 42 U.S.C. § 1983 civil rights form packet, which he may use to file a complaint in this court.